FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS    2004 OCT -6  P 4: 39

## 04 ⌐ 12129 MEL   DISTRICT COURT
DISTRICT OF MASS.

RACHAEL COSTA,

    Plaintiff

    V.

UNUM LIFE INSURANCE COMPANY OF
AMERICA, UNUMPROVIDENT
CORPORATION, AND JORDAN'S
FURNITURE, INC. LONG TERM
DISABILITY PLAN
    Defendants

MAGISTRATE JUDGE

CIVIL ACTION NO.

RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK. TDM
DATE 10/7/04

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff, Rachael Costa ("Ms. Costa"), brings this action against Defendants,

   Unum Life Insurance Company of America ("Unum"), UnumProvident

   Corporation ("UnumProvident") and the Jordan's Furniture, Inc. Long Term

   Disability Plan ("Plan"), for violation of the Employment Retirement Income

   Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA"). Ms.

   Costa is a participant in the Plan, an ERISA welfare benefit plan whose claims

   administration is handled by Unum. The Plan is fully insured by a policy of

   insurance issued by Unum. The Plan number is 501 and the Policy number is

   563820-002.

2. This Complaint challenges the Defendants': 1) unreasonable and unlawful denial

   of Ms. Costa's long term disability ("LTD") income benefits despite the

1

substantial medical evidence demonstrating Ms. Costa's qualifications for said benefits; 2) pattern of rejecting and/or ignoring the substantial evidence supporting Ms. Costa's total disability pursuant to the terms of the Plan; 3) failure to provide Ms. Costa with a full and fair review of her claim; and 4) failure to provide a reasonable claims procedure that would yield a decision on the merits of Ms. Costa's claim.

3. Ms. Costa is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify rights under the terms of the Plan, and to recover costs and attorneys' fees as provided by ERISA.

## JURISDICTION

4. This court has personal and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e)(2) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the Plan is administered in this district.

## PARTIES

5. Ms. Costa is a 33-year-old individual who currently resides in Whitman, Massachusetts. Ms. Costa is a vested participant in an employee benefit plan, within the meaning of 29 U.S.C. § 1002(2)(7). Ms. Costa has standing to bring this action under 29 U.S.C. § 1132(a).

6. The defendant, Unum, is a for-profit corporation with its principal place of business at 2211 Congress Street, Portland, Maine. Unum transacts business in Massachusetts and underwrites the Plan under which Ms. Costa is suing. Unum is the party responsible for processing the claims made under the Plan and making a final determination as to Plan participants' eligibility for LTD benefits.

2

7. At all times relevant to the claims asserted in this Complaint, Unum purported to act as an ERISA claims fiduciary with respect to participants of the plan, generally, and specifically, with respect to Ms. Costa, within the meaning of ERISA.

8. The defendant, UnumProvident Corporation, is a for-profit corporation with its principal place of business at 1 Fountain Square, Chattanooga, TN 37402. UnumProvident Corporation conducts business in Massachusetts and is the holding company for Unum, the party responsible for insuring the Plan under which Ms. Costa is suing.

9. The Plan under which Ms. Costa is suing is a "long-term disability plan" issued by Unum to Jordan's Furniture, Inc., a for-profit company with its principal place of business at 100 Stockwell Avenue, Avon, Massachusetts.  The Plan number is 501 and the Policy number is 563820-002.

## STATEMENT OF FACTS

### Insurance Entitlement, Definitions of Disability, Discretion

10. At the time she became disabled with as a result of Fibromyalgia ("FMS"), hypothyroidism, and chronic low back pain, Ms. Costa was a trainer in the Delivery Department of Jordan's Furniture in Avon, Massachusetts.

11. As an employee of Jordan's Furniture, Ms. Costa was entitled to LTD benefits, under a contract of insurance between Jordan's Furniture and Unum.

12. Unum both funds and administers the Plan under which Ms. Costa is suing.

13. Under the terms of the Plan, Unum does not have discretionary authority to determine a claimant's eligibility for LTD benefits and to interpret the terms and

3

provisions of the Plan.

14. Under the terms of the Plan, Ms. Costa is entitled to receive 60% of her monthly

earnings until she turns 65 years old.

15. Under the terms of the Plan, "Disability" and "disabled" are defined as follows:

- You are limited from performing the material and substantial duties of your
  regular occupation due to your sickness or injury; and
- You have a 20% or more loss in your indexed monthly earnings due to the
  same sickness or injury.

  After 36 months of payments, you are disabled when Unum determines that
  due to the same sickness or injury, you are unable to perform the duties of any
  gainful occupation for which you are reasonably fitted by education, training
  or expertise.

16. The Plan defines "Sickness" as an illness or disease.

17. The Plan defines "Material and Substantial Duties as, duties that:

- Are normally required for the performance of your regular occupation; and

- Cannot be reasonably omitted or modified.

18. The Plan defines "Regular Occupation" as "the occupation you are routinely

performing when your disability begins."

19. Except for the terms defined above, the Plan contains no other definition or

explanation for the term "disability."

**Ms. Costa's Claim for LTD Benefits**

20. Ms. Costa presented a timely claim to Unum, asserting that she is an insured

person, that she became totally disabled while insured, and that she is entitled

under the Plan to LTD benefits for the period of time beginning in September 22,

2003, when Unum wrongfully denied her benefits, and continuing thereafter

without interruption through to the present, and continuing in the future until she

reaches the age of 65 or is no longer disabled.

**Onset of Disability and Diagnoses**

21. In 2001, Ms. Costa tripped and fell down her stairs. She suffered a hematoma to her left buttock area. Several months after her accident, Ms. Costa began to feel significant back pain, as well as pain in her thighs, knees, hips, elbows, neck and left rib area. This pain remained constant throughout the next two years.

22. In order to alleviate her pain, Ms. Costa was treated with physical therapy and Novocain injections. She was also prescribed Ultram to reduce her pain.

23. In February 2003, Ms. Costa's primary care physician, Dr. Michael Tremblay, suggested that she leave work at Jordan's Furniture as a result of her combined medical conditions.

24. Dr. Tremblay diagnosed Ms. Costa with chronic low back pain, derived from disc protrusion at L5-S1.

25. Ms. Costa's left Jordan's Furniture due to her inability to work as a result of the functional limitations she experienced from her combined medical conditions, on February 20, 2003.

26. Ms. Costa underwent an MRI in September 2002 and April 2003, which showed disc protrusion.

27. Ms. Costa also underwent a neurosurgical evaluation, and was subsequently diagnosed with disc bulge and degenerative disc disorder.

28. In April 2003, Ms. Costa saw Dr. Aubrey Lieberman for a neurological evaluation, but the evaluation was negative.

29. Ms. Costa's persistent body pain continued to remain undiagnosed despite various

tests including trigger point injections, an EMG and an MRI.

30. Following Ms. Costa's EMG, Ms. Costa experienced full body tremors for two days. Ms. Costa was transported to the urgent care center in Whitman, Massachusetts and prescribed Valium for the tremors.

31. In May 2003, Ms. Costa switched her medical care to Dr. Douglas Grogan, CEO and President of the Bethel Medical Group in Brockton, Massachusetts. Dr. Grogan treated Ms. Costa with water therapy, which Ms. Costa was able to tolerate, but this therapy still did not provide Ms. Costa relief from her pain.

32. On April 28, 2003, Ms. Costa saw Dr. Ari Schwartz, a specialist in Rheumatology, and was diagnosed with FMS.

33. Dr. Schwartz determined that Ms. Costa's symptoms were consistent with FMS. At that time, Ms. Costa's symptoms included significant lower back pain, severe arm and leg pain, joint pain, nausea, flu like symptoms, chronic headaches, extreme fatigue, sleep interruption, and difficulty concentrating.

34. On June 10, 2003, Dr. Grogan wrote to Unum stating:

> At present, restriction activity is the only way to prevent exacerbation of fibromyalgia symptoms. She is capable of only mild intermittent activity. Her ability to sustain any activity for even a few hours a day is unpredictable. Any prolonged activity (even sedentary) worsens her condition and can cause exacerbation of her symptoms. Therefore, her activities of daily living are markedly limited as is her ability to complete tasks.

35. Dr. Grogan further determined that Ms. Costa was disabled at that time.

36. In July 2003, Ms. Costa saw Dr. Vicki Schwartz, a specialist in Rheumatology. Dr. Schwartz evaluated Ms. Costa for joint pains.

37. At the time of her visit with Dr. Schwartz, Ms. Costa complained of aching in her

legs and feet, pain in neck, headaches, gastrointestinal upset, fatigue lasting 7-10

days, and sharp pains that developed with activity.

38. Ms. Costa informed Dr. Schwartz during their visit that it was nearly impossible

for her to complete her housework.

39. Dr. Schwartz determined that Ms. Costa's joint pains, generalized discomfort, and

tender points were consistent with fibromyalgia.

## Application for LTD Benefits

40. Under recommendation by her doctor, Ms. Costa filed for LTD on February 23,

2003, due to lower back pain.

41. In February 2003, Ms. Costa was approved for short-term disability ("STD") by

Unum.

42. Ms. Costa's STD was scheduled to run through May 20, 2003.

43. On May 21, 2003, Ms. Costa attempted to return to Jordan's Furniture on a part

time basis.  Unfortunately, Ms. Costa was unable to more than two days, or five

hours total, as a result of her debilitating pain.

44. On June 13, 2003, Unum determined that Ms. Costa was no longer eligible for

STD benefits, despite the fact that her condition had not changed for the better.

45. Following receipt of Unum's denial of Ms. Costa's claim, Ms. Costa, through

counsel, inquired as to whether Unum would be rendering a decision on Ms.

Costa's claim for LTD benefits.

46. In response, Unum indicated that Ms. Costa was unable to file a claim for LTD

benefits because she had failed to satisfy the Plan requirements for STD benefits.

47. On July 30, 2003, counsel for Ms. Costa wrote Unum requesting that it reconsider

Ms. Costa's claim for LTD benefits.

48. On August 8, 2003, Unum informed counsel for Ms. Costa that it would need further information from Ms. Costa regarding her disability in order to make a decision on her LTD benefits.

49. On August 12, 2003, Ms. Costa submitted to Unum medical records from Dr. Douglas Grogan, Dr. Ari Schwartz, Dr. Aubrey Lieberman, Dr. Vicki Schwartz, Dr. Gwendolyn Kane-Wagner, and MRI records from Brockton Regional MRI Center. These records attested to Ms. Costa's disability and inability to work.

**Denial of Ms. Costa's Claim**

50. On September 22, 2003, Unum denied Ms. Costa's claim for LTD benefits despite the extensive information submitted by Ms. Costa supporting her claim for LTD benefits.

51. While Unum's September 22, 2003 denial letter acknowledged that Ms. Costa suffered from FMS, Unum nevertheless concluded that Ms. Costa did not meet the plan terms for either short- or long-term disability benefits.

52. Unum's denial of Ms. Costa's claim was based solely upon a medical review conducted on September 5, 2003, by Unum Nurse Susan Pendleton and a review of Nurse Pendleton's review conducted by Paul D. Wentland, M.D., a Medical Director and Vice President of Unum.

53. Unum failed to consider the impact of Ms. Costa's chronic low back pain, derived from disc protrusion at L5-S1 and history of hypothyroidism, when denying Ms. Costa's claim.

54. Ms. Costa's low back pain severely impacts her ability to sit and stand for any

period of time.

55. Unum's decision to deny Ms. Costa's LTD benefits was based solely upon the alleged impact FMS has on individuals suffering from the illness. Unum failed to consider Ms. Costa's additional illnesses and symptoms in evaluating her functional capacity.

## Ms. Costa's Appeal of Unum's Decision to Deny LTD Benefits

56. On December 9, 2003, Ms. Costa submitted an appeal of Unum's June 13, 2003, decision to deny her STD and LTD benefits. Included in this appeal was extensive information regarding the disabling nature of FMS as well as updated medical information on Ms. Costa's disabling conditions.

57. Ms. Costa also submitted independent neuropsychological testing with her appeal, documenting decreased cognitive functioning.

## Unum's Second Review of Ms. Costa's Claim for LTD Benefits

58. On January 26, 2004, Elizabeth Israel, RN, BSN, of Unum examined Ms. Costa's file on appeal. Ms. Israel, although not a specialist in rheumatology, determined that there were no objective findings for Ms. Costa's disability. Ms. Israel further found no medical evidence to support any restrictions or limitations at the time Ms. Costa ceased working.

59. On February 2, 2004, Dr. Nancy Beecher, Vice President and Senior Medical Director at Unum, reviewed Ms. Costa's file. Dr. Beecher determined that Ms. Costa's condition was self reported and subjective and that her symptoms and claimed impairment were out of proportion to the underlying medical findings.

60. At no time during the administrative process did Unum request an independent medical examination of Ms. Costa, although it retains the right to do so under the Plan.

61. At no time during its review of Ms. Costa's claim did Unum contact Ms. Costa's treating physicians for their opinions regarding Ms. Costa's illnesses, symptoms and ability to return to work.

## Final Denial

62. On March 4, 2004, Unum upheld its September 22, 2003, decision to deny Ms. Costa LTD benefits. Unum determined that Ms. Costa's medical documentation did not support restrictions and limitations so severe as to preclude her from performing the duties of her occupation.

## Social Security Disability Income Benefits

63. On December 6, 2003, following the submission of her claim for disability benefits, and without the need for an appeal, the Social Security Administration ("SSA") determined that Ms. Costa was disabled. According to SSA, Ms. Costa has been disabled since February 20, 2003, and continues to be disabled through the present.

64. Effective August 2003, Ms. Costa receives $1,143.00 per month from the SSA.

65. The SSA requires a claimant to show an "inability to do any substantial gainful activity by reason of any medically determinable physical or medical impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months" in order to prove disability. 20 C.F.R. § 404.1505(a).

## Summary

66. Ms. Costa remains disabled to this day as a result of the debilitating symptoms of FMS, hypothyroidism, and chronic low back pain.

67. Ms. Costa has exhausted her administrative remedies pursuant to 29 C.F.R. 2560.503-1(1).

68. The Defendants failed to provide Ms. Costa with a full and fair review of her claim for benefits.

69. Any discretion to which Defendants may claim it is entitled under the Plan is negated by its failure to provide Ms. Costa with an explanation as to its adverse action and a full and fair review of her claim for benefits.

70. The Defendants have failed to their burden of establishing that Ms. Costa's condition had changed to such a degree that she was no longer totally disabled under the terms of the Plan.

71. The self-serving nature of Unum's decision that Ms. Costa is no longer disabled is illuminated by the fact that Ms. Costa's condition has not changed, but in fact, has only worsened, since Unum first accepted liability on her claim for benefits.

72. The decision to deny Ms. Costa's benefits was wrongful, unreasonable, irrational, contrary to the substantial evidence, contrary to the terms of the Plan and contrary to law.

73. Unum was influenced by its financial conflict of interest, as both the administrator of the plan and the payor of benefits thereunder, when it denied Ms. Costa's benefits.

11

74. Due to the unlawful denial of benefits under ERISA, Ms. Costa's has lost her rightful long-term disability benefits.

75. Ms. Costa has also suffered emotional distress and an exacerbation of her physical condition as a result of Unum's actions.

76. Due to the unlawful denial of benefits under ERISA, Ms. Costa has lost the use of her long-term disability benefits.

77. Having exhausted the administrative procedures provided by the Defendants, Ms. Costa now brings this action.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan**
**Action for Unpaid Benefits)**
**(ALL DEFENDANTS)**

78. Ms. Costa realleges each of the paragraphs above as if fully set forth herein.

79. The Plan is a contract.

80. Ms. Costa has performed all of her obligations under the contract.

81. 29 U.S.C. § 1132(a)(1)(B) states that:

A civil action may be brought ---

　　(1) by a participant or beneficiary –

　　　　(A) for the relief provided for in subsection (c) of this section, or

　　　　(B) to recover benefits due to her under the terms of her plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan.

82. The Defendants' actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

83. The Defendants unlawfully denied Ms. Costa's benefits in part by: (1) rejecting, without any basis, the substantial evidence supporting Ms. Costa's claim for disability; and (2) denying Ms. Costa a full and fair review of their decision to deny her benefits.

84. In accordance with 29 U.S.C. §1132, Ms. Costa is entitled to be paid benefits under the Plan based upon her disabled status from and after August 2003, and continuing into the present.

85. The Defendants have refused to provide Ms. Costa with these disability benefits and is, therefore, in breach of the terms of the Plan and ERISA, which requires that the Defendants engage in a full and fair review of all claims and the administration of the Plan in the best interests of the Plan participants.

86. As a direct and proximate result of this breach, Ms. Costa has lost the principal and the use of her rightful LTD benefits. Ms. Costa has also lost her position at Jordan's Furniture and all associated employee benefits.

## SECOND CAUSE OF ACTION
### (Attorneys' Fees and Costs)
### (ALL DEFENDANTS)

87. Ms. Costa realleges each of the paragraphs above as if fully set forth herein.

88. Under the standards applicable to ERISA, Ms. Costa deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

89. The Defendants have the ability to satisfy the award.

90. Ms. Costa's conduct of this action is in the interests of all participants suffering from physical conditions who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

91. The Defendants acted in bad faith in denying Ms. Costa's benefits under the Plan.

92. The award of attorneys' fees against the Defendants will deter others acting under similar circumstances.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1)    Declare, adjudge and decree that Ms. Costa is entitled to ongoing LTD benefits as calculated under the terms of the Plan.

(2)    Award Ms. Costa the full amount of unpaid benefits under the Plan to which he is entitled, together with such pre-judgment interest as may be allowed by law.

(3)    Order that the Defendants make restitution to Ms. Costa in the amount of any losses sustained by Ms. Costa in consequence of the wrongful conduct alleged herein, together with prejudgment interest.

(4)    Award Ms. Costa the costs of this action and reasonable attorneys' fees; and

(5)    Award such other relief as the court deems just and reasonable.

Dated: October 6, 2004

Respectfully submitted for the Plaintiff,

By:

Mala M. Rafik
BBO No. 638075
ROSENFELD & RAFIK, P.C.
44 School Street, Suite 410
Boston, MA 02108
617-723-7470