SCANNED
DATE: 1/31/05
BY: M.P.

FILED
IN CLERKS OFFICE

2005 JAN 20  A 9: 10

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RACHAEL COSTA,

    Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF
AMERICA, UNUMPROVIDENT
CORPORATION, AND JORDAN'S
FURNITURE, INC. LONG TERM
DISABILITY PLAN,

    Defendants.

Civil Action No. 04-12129 MEL

## ANSWER

Defendants Unum Life Insurance Company of America ("Unum"), UnumProvident Corporation ("UnumProvident"), and Jordan's Furniture, Inc. Long Term Disability Plan (the "Plan") (collectively, the "Defendants") answer Plaintiff's Complaint as follows:

### FIRST DEFENSE

### INTRODUCTION

1.     Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.     Defendants admit that Plaintiff challenges Unum's practices and decisions in relation to her claim as set forth in Paragraph 1 of Plaintiff's Complaint; Defendants deny the truth of those allegations.

3.     Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint relating to the fact that Plaintiff has filed this action to seek the identified remedies; Defendants deny that she is entitled to such remedies.

{W0309539 1}

## JURISDICTION

4.  Paragraph 4 of Plaintiff's Complaint states a legal conclusion to which no response is required; to the extent that a response is required, Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## PARTIES

5.  Paragraph 5 of Plaintiff's Complaint states a legal conclusion to which no response is required; to the extent that a response is required, Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.  Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.  Paragraph 7 of Plaintiff's Complaint states a legal conclusion to which no response is required; to the extent that a response is required, Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.  Defendants deny that UnumProvident is the "holding company for Unum" and admit the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.  Defendants deny that the Plan was "issued by Unum to Jordan's Furniture Inc." Defendants are without sufficient knowledge or information as to whether Jordan's Furniture is a for-profit company and the location of its principal place of business. Defendants admit the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

## STATEMENT OF FACTS

**Insurance Entitlement, Definitions of Disability, Discretion**

10. Defendants deny that Plaintiff became "disabled" as a result of Fibromyalgia ("FMS") hypothyroidism and low back pain. Defendants admit the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendants deny that Plaintiff was "entitled" to LTD benefits. Defendants admit the remaining allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. In response to Paragraph 14 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

15. In response to Paragraph 15 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

16. In response to Paragraph 16 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

17. In response to Paragraph 17 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

18. In response to Paragraph 18 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

19. In response to Paragraph 19 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

**Ms. Costa's Claim for LTD Benefits**

20.     Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

**Onset of Disability and Diagnosis**

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Defendants admit that Plaintiff submitted to Unum records of Dr. Ari Schwartz, dated April 28, 2003, and Dr. Aubrey Lieberman, dated April 1, 2002, the contents of which speak for themselves, and they deny any allegations to the contrary.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendants admit that Plaintiff submitted to Unum records of Dr. Trembley dated May 8, 2000, March 14, 2002, May 31, 2002, September 3, 2002, November 1, 2002, November 8, 2002, and December 20, 2002, the contents of which speak for themselves, and they deny any allegations to the contrary.

25.     Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants admit that Plaintiff submitted to Unum records from Brockton Regional MRI Center dated September 4, 2002, and April 9, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

27.     Defendants admit that Plaintiff submitted to Unum a record from Dr. Avishai W. Shapiro, dated April 9, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

28. Defendants admit that Plaintiff submitted to Unum a record from Dr. Aubrey Lieberman, dated April 2, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendants admit that Plaintiff submitted to Unum a record from Dr. Ari Schwartz, dated April 28, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

31. Defendants admit that Plaintiff submitted to Unum records from Dr. Groggan dated May 1, 2003, May 30, 2003, June 16, 2003, and June 27, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

32. Defendants admit that Plaintiff submitted to Unum a record from Dr. Ari Schwartz dated April 28, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

33. Defendants admit that Plaintiff submitted to Unum a record from Dr. Ari Schwartz dated April 28, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

34. Defendants admit that Plaintiff submitted to Unum a record from Dr. Grogan dated June 10, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

35. Defendants admit that Plaintiff submitted to Unum a record from Dr. Grogan dated June 10, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

36. Defendants admit that Plaintiff submitted to Unum a record from Dr. Vicki Schwartz dated July 9, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

37. Defendants admit that Plaintiff submitted to Unum a record from Dr. Vicki Schwartz dated July 9, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

38. Defendants admit that Plaintiff submitted to Unum a record from Dr. Vicki Schwartz dated July 9, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

39. Defendants admit that Plaintiff submitted to Unum a record from Dr. Vicki Schwartz dated July 9, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

**Application for LTD Benefits**

40. Defendants admit that Plaintiff submitted to Unum an application for LTD benefits dated February 23, 2003, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of Plaintiff's Complaint.

41. Defendants admit the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendants admit the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendants admit that Unum sent Plaintiff a letter on June 13, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

45. Defendants admit that Plaintiff's counsel sent Unum a letter dated, July 30, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendants admit that Plaintiff's counsel sent Unum a letter dated July 30, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

48. Defendants admit the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendants admit that on August 12, 2003, Plaintiff's counsel submitted medical records of Dr. Douglas Grogan, Dr. Ari Schwartz, Dr. Aubrey Lieberman, Dr. Vicki Schwartz, Dr. Gwendolyn Kane-Wagner, and MRI records from Brockton Regional MRI Center, the contents of which speak for themselves, and they deny any allegations to the contrary.

**Denial of Ms. Costa's Claim**

50. Defendants admit that Unum sent Plaintiff a letter dated September 22, 2003, denying her claim for benefits. The contents of the letter speak for themselves and Defendants deny any allegations to the contrary.

51. In response to Paragraph 51 of Plaintiff's Complaint, Defendants state that the contents of the September 22, 2003, letter speak for themselves, and Defendants deny any allegations to the contrary.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

**Ms. Costa's Appeal of Unum's Decision to Deny LTD Benefits**

56. Defendants admit that Plaintiff submitted to Unum an appeal dated December 9, 2003 and that Plaintiff submitted exhibits with the appeal, the contents of which speak for themselves, and they deny any allegations to the contrary.

57. Defendants admit that Plaintiff submitted a record of neuropsychological testing, the contents of which speak for themselves, and they deny any allegations to the contrary.

**Unum's Second Review of Ms. Costa's Claim for LTD Benefits**

58. Defendants admit that Elizabeth Israel RN, BSN, prepared a Medical Response report, completed January 26, 2004, the contents of which speak for themselves, and they deny any allegations to the contrary.

59. Defendants admit that Dr. Nancy Beecher prepared a Medical Response report, completed February 2, 2004, the contents of which speak for themselves, and they deny any allegations to the contrary.

60. Defendants admit the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendants admit the allegations contained in Paragraph 61 of Plaintiff's Complaint.

**Final Denial**

62.     Defendants admit that Unum sent Plaintiff's counsel a letter dated March 4, 2004, denying Plaintiff's claim for benefits. The contents of that letter speak for themselves and Defendants deny any allegations to the contrary.

**Social Security Disability Income Benefits**

63.     Defendants admit that Plaintiff submitted to Unum a letter from the Social Security Administration dated December 6, 2003, the contents of which speak for themselves, and deny any allegations to the contrary.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.     Paragraph 65 of Plaintiff's Complaint states a legal conclusion to which no response is required.

**Summary**

66.     Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.     Paragraph 67 of Plaintiff's Complaint states a legal conclusion to which no response is required.

68.     Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77. Paragraph 77 of Plaintiff's Complaint states a legal conclusion to which no response is required.

### FIRST CAUSE OF ACTION
**(Enforcement of Terms of Plan / Action for Unpaid Benefits)**

78. Defendants repeat and reassert with the same force and effect as if set forth in full herein their answers to the allegations contained in Paragraphs 1 through 77 of Plaintiff's Complaint.

79. Paragraph 79 of Plaintiff's Complaint states a legal conclusion to which no response is required.

80. Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81. In response to Paragraph 81 of Plaintiff's Complaint, Defendants admit that the quotation is accurate but deny that Plaintiff is entitled to relief under the quoted statute.

82. Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86. Defendants deny the first sentence of Paragraph 86 of Plaintiff's Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 86 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
(Attorneys' Fees and Costs)

87. Defendants repeat and reassert with the same force and effect as if set forth in full herein their answers to the allegations contained in Paragraphs 1 through 86 of Plaintiff's Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89. Defendants admit the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

## SECOND DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's recovery, if any, is limited to the terms, conditions, limitations, exclusions, and other provisions of the Policy.

## FOURTH DEFENSE

Defendants have complied with and performed all of their promises, obligations and duties to Plaintiff under the Policy and the handling of the claim for disability benefits under the Policy complied fully with the terms and conditions of ERISA.

## FIFTH DEFENSE

The demand for attorneys' fees should not be granted under ERISA because Defendants' handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

## SIXTH DEFENSE

Each and every act or statement done or made by Defendants and its officers, employees and agents with reference to Plaintiff was a good-faith assertion of Defendants' rights and, therefore, was privileged and/or justified.

### SEVENTH DEFENSE

The Policy contains monthly benefits reductions, including but not limited to reductions for Worker's or Workmen's Compensation awards and Social Security benefits.

### EIGHTH DEFENSE

Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Policy, which Defendants deny, such determinations to do not mean that Plaintiff is entitled to unlimited future benefits under the Policy given, *inter alia*, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

### NINTH DEFENSE

Defendant Unum's decisions were neither arbitrary nor capricious.

### TENTH DEFENSE

The nature of relief sought by Plaintiff is unavailable under ERISA.

### REQUESTED RELIEF

Defendants respectfully request: (i) that the Court dismiss the claims against them with prejudice and that judgment be entered in Defendants' favor on such claims; (ii) that Defendants be awarded their costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

Dated: January 19, 2005

Geraldine G. Sanchez
PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
(207) 791-1100

Attorney for Defendants
Unum Life Insurance Company of America
UnumProvident Corporation
Jordan's Furniture, Inc. Long Term Disability Plan

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for Plaintiff, via overnight mail, addressed as follows:

>Mala M. Rafik, Esq.
>Rosenfeld & Rafik
>44 School Street
>Boston, MA  02108


DATED:    January 19, 2005

Geraldine G. Sanchez